**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| VIRGILIO BAUTISTA AMAYA<br>2607 Blueridge Avenue<br>Silver Spring, MD 20902<br>(Montgomery County)<br><br>      Plaintiff,<br><br>v.<br><br>PHH, LLC<br>d/b/a PHO HIEP HOA<br>921 Ellsworth Drive, Suite G<br>Silver Spring, MD 20910<br>(Montgomery County)<br><br>CANH THI NGUYEN<br>a/k/a HELEN NGUYEN<br>a/k/a THI A. NGUYEN<br>1122 Heartfields Drive<br>Silver Spring, MD 20904<br>(Montgomery County)<br><br>      Defendants. | Civil Action No. _____ |

## **COMPLAINT**

1.  Plaintiff worked at Pho Hiep Hoa, a restaurant owned by Defendants. Defendants paid Plaintiff a flat salary that denied him both minimum and overtime wages.

2.  Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("WHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("WPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district and division, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5.     Virgilio Bautista Amaya is an adult resident of Montgomery County, Maryland.

6.     PPH, LLC is a Maryland limited liability company. It does business as Pho Hiep Hoa. Its principal place of business is 921 Ellsworth Drive, Suite G, Silver Spring, MD 20910. Its resident agent is Helen Nguyen, 1122 Heartsfields Drive, Silver Spring, MD 20904.

7.     Canh Thi Nguyen is an adult resident of Montgomery County, Maryland. She is also known as Helen Nguyen and Thi A. Nguyen. She owns PPH, LLC and Pho Hiep Hoa. She exercises exclusive control over its operations, including its pay practices.

## Factual Allegations

8.     Defendants employed Plaintiff from 2007 until approximately October 4, 2016.

9.     Plaintiff worked for Defendants as a kitchen hand.

10.    Plaintiff's job duties primarily consisted of cutting vegetables, cleaning meat, cooking noodles, and preparing meals.

11.    At all relevant times, Plaintiff typically worked six days a week.

12.    At all relevant times, Plaintiff typically worked the following schedule:

|           | **Entry and Exit Time** | **Break Time** | **Total Hours Worked** |
|-----------|-------------------------|----------------|------------------------|
| Monday    | 9:30 a.m. – 8:45 p.m.   | No Break       | 11.25 Hours Worked     |
| Tuesday   | 9:30 a.m. – 8:45 p.m.   | No Break       | 11.25 Hours Worked     |
| Wednesday | 9:30 a.m. – 8:45 p.m.   | No Break       | 11.25 Hours Worked     |
| Thursday  | 9:30 a.m. – 8:45 p.m.   | No Break       | 11.25 Hours Worked     |
| Friday    | 9:30 a.m. – 10:00 p.m.  | No Break       | 12.50 Hours Worked     |
| Saturday  | 9:30 a.m. – 10:00 p.m.  | No Break       | 12.50 Hours Worked     |
| Sunday    | Off                     |                |                        |
|           |                         | **Total:**     | **70 Hours Worked**    |

13.     At all relevant time, Plaintiff typically worked 70 hours per week.

14.     During the three years preceding the filing of this Complaint, Plaintiff rarely if ever missed a day of work, other than for a brief leave of absence from approximately September 1, 2016 through approximately September 16, 2016.

15.     During the three years preceding the filing of this Complaint, Plaintiff worked approximately 4,530 overtime hours.

16.     At all relevant times, Defendants paid Plaintiff a salary.

17.     During 2013, Plaintiff earned a semimonthly salary of approximately $850.00, or approximately $5.60 per hour.

18.     During 2014, Plaintiff earned a semimonthly salary of approximately $875.00, or approximately $5.77 per hour.

19.     During 2015 and 2016, Plaintiff earned a semimonthly salary of approximately $900.00, or approximately $5.93 per hour.

20.     For his final three days of employment, October 1st, 3rd and 4th, Plaintiff was only paid $180.00 for 35 hours of work, or approximately $5.14 per hour.

21.     Defendant Canh Thi Nguyen personally tendered Plaintiff's salary.

22.     Defendants always paid Plaintiff in cash.

23.     Defendants did not pay Plaintiff an overtime premium for any of his overtime hours.

24.     As a consequence of Defendants' failure to pay minimum and overtime wages, Plaintiff and his family have suffered economic deprivation. For example, rather than renting an apartment, they have rented a single room and shared bathroom and kitchen facilities with other families.

25.     For the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately **$49,069.97** in unpaid minimum and overtime wages.

### General Factual Allegations

26.     At all relevant times, federal and Maryland law required Defendants to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

27.     At all relevant times, federal law required Defendants to pay Plaintiff a minimum wage of $7.25 per hour.

28.     The Maryland minimum wage was $7.25 per hour in 2013 and 2014, $8.00 per hour from January 1, 2015 through June 30, 2015, $8.25 per hour from July 1, 2015 through June 30, 2016, and $8.75 per hour from July 1, 2016 through the present.

29.     The Montgomery County minimum wage was $8.40 from October 1, 2014 through September 30, 2015, $9.55 from October 1, 2015 through September 30, 2016, and $10.75 per hour from October 1, 2016 through the present.

30.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

31.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

32.     At all relevant times, Defendants had the power to fire Plaintiff.

33.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

34. At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

35. Defendants intentionally did not provide a statement of each pay period's gross earnings and deductions, as required by Md. Code, Lab. & Empl. Art., § 3-504(b).

36. Defendants intentionally did not post the notice of Maryland wage law, as required by Md. Code, Lab. & Empl. Art., § 3-423(b).

37. Defendants intentionally did not provide pay statements, in order to conceal the actual number of hours worked by Plaintiff.

38. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, as required by 29 C.F.R. § 516 and Md. Code, Lab & Empl. Art., § 3-424. Accordingly, the exact number of hours worked by and wages owed to Plaintiff will only be known through discovery.

39. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff federal and Maryland minimum wages.

40. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

41. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

43. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

44. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

45. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff.

46. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular rate for hours worked in excess of 40 hours in any one workweek.

47. Defendants' violations of the FLSA were willful.

48. For their FLSA violations, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE WHL

49. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

50. Each Defendant was an "employer" of Plaintiff within the meaning of the WHL, Md. Code, Lab. & Empl. Art. § 3-401(b).

51. The WHL requires that employers pay non-exempt employees a minimum wage of $8.00 per hour from January 1, 2015 through June 30, 2015, $8.25 per hour from July 1, 2015 through June 30, 2016, and $8.75 per hour after July 1, 2016.

52. The WHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art. § 3-415.

53. Defendants violated the WHL by knowingly failing to pay Plaintiff the Maryland minimum wage.

54.     Defendants violated the WHL by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

55.     Defendants' violations of the WHL were willful.

56.     For their WHL violations, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE WPCL

57.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

58.     Each Defendant was an "employer" of Plaintiff within the meaning of the WPCL, Md. Code, Lab. & Empl. Art., § 3-501(b).

59.     The WPCL requires employers to promptly pay employees their wages "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. Art., § 3-501(c)(1).

60.     The "compensation" required to be paid by the WPCL includes overtime wages. *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

61.     The "compensation" required to be paid by the WPCL includes the minimum wage of both Maryland and Montgomery County.

62.     Defendants violated the WPCL by knowingly failing to promptly pay Plaintiff the Maryland and Montgomery County minimum wage.

63.     Defendants violated the WPCL by knowingly failing to promptly pay Plaintiff at least one and one half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

64.     Defendants' violations of the WPCL were willful.

65. For their WPCL violations, Defendants are liable to Plaintiff for three times the amount of the unpaid wages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$158,646.33**, and grant the following relief:

a. Award Plaintiff **$147,209.93**, consisting of the following overlapping elements:

   i. unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the WHL, Md. Code, Lab. & Empl. Art., § 3-427;

   iii. three times the amount of the unpaid wages, pursuant to the WPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c. Award Plaintiff reasonable attorney's fees and expenses incurred in the prosecution of this action, (as of this date, approximately **$11,036.40**)

d. Award Plaintiff court costs (currently, **$400.00**); and

e. Award any additional relief the Court deems just.

Date: November 9, 2016						Respectfully submitted,

                                                               <u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*